1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11 | RANDALL GEORGE ANGEL,                )
12 |            Petitioner,               )        3: 11-cv-0058-RCJ-VPC
13 | vs.                                  )
14 | GREGORY SMITH, *et al*,              )        **ORDER**
15 |            Respondents.              )
                                          /
16

17          This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which

18 petitioner, a state prisoner, is proceeding *pro se*.  Petitioner has filed a motion to proceed *in forma*

19 *pauperis*.  (ECF No. 1).  Based on the information about petitioner's financial status, including any

20 additional information that may have provided, the Court finds that the motion to proceed *in forma*

21 *pauperis* should be granted.

22          According to the face of the petition, this petition challenges the same conviction

23 previously challenged in an earlier petition (3:09-cv-00655-ECR-RAM)  and raises legal issues

24 previously addressed or new issues not previously presented to the State courts.   The court therefore

25 finds that this is a second or successive petition.

26          Under AEDPA's "gatekeeping" provisions, an applicant seeking to file a second or

1  successive petition must obtain from the appropriate court of appeals an order authorizing the district

2  court to consider the application. A court of appeals may grant such an order only if:

3      (A) the applicant shows that the claim relies on a new rule of constitutional law made
        retroactive to cases on collateral review by the Supreme Court, that was previously
4       unavailable; or

5      (B)(I)  the factual predicate for the claim could not have been discovered
              previously through the exercise of due diligence; and
6
        (ii)  the facts underling the claim, if proven and viewed in the light of the
7             evidence as a whole, would be sufficient to establish by clear and
              convincing evidence that, but for constitutional error, no reasonable
8             fact finder would have found the applicant guilty of the underlying
              offense.
9

10  28 U.S.C. § 2244(b)(2)(A)-(B).   Petitioner has not provided the court with an order authorizing this

11  court to consider the present petition. Accordingly, the court will not do so.

12  **Certificate of Appealability**

13          In order to proceed with an appeal, petitioner must receive a certificate of

14  appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435

15  F.3d 946, 950-951 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir.

16  2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional

17  right" to warrant a certificate of appealability. *Id.*; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529

18  U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the

19  district court's assessment of the constitutional claims debatable or wrong." *Id. (quoting Slack*, 529

20  U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating

21  that the issues are debatable among jurists of reason; that a court could resolve the issues differently;

22  or that the questions are adequate to deserve encouragement to proceed further. *Id.*

23          Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing

24  Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in

25  the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a

26  notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has

considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a certificate of appealability.

          **IT IS THEREFORE ORDERED** that the application to proceed in *forma pauperis* ECF No. 1) is **GRANTED.**

          **IT IS FURTHER ORDERED** that the Clerk of the Court shall **FILE** the petition. (ECF No. 1-1)

          **IT IS FURTHER ORDERED** that this petition for writ of habeas corpus is **DISMISSED** without prejudice as an unauthorized second or successive petition.  The Clerk of the Court is directed to enter judgment for respondents and close this case.  No Certificate of Appealability shall issue.

DATED this __4th__ day of ___February_____, 2011.

_____
UNITED STATES DISTRICT JUDGE